[Civ. No. 3908.  Third Appellate District.—November 29, 1929.]

R. T. WILLIAMS, Appellant, v. H. C. SEYMOUR et al., Respondents.

Andrew T. Jenkins for Appellant.

Wm. P. Mealey for Respondents.

Freston & Files, Ralph E. Lewis, Ralph H. Spotts, Arch. H. Vernon, Lawrence L. Otis and John F. Keogh, *Amici Curiae.*

PULLEN, J., *pro tem.*—The Citizens Trust and Savings Bank of Los Angeles held in trust certain real property in which respondents were beneficiaries to the extent of a one-fourth thereof. While such beneficiaries respondents purchased from the trustee one of the pieces of real property affected by said trust, and as part payment therefor gave to the Citizens Trust and Savings Bank their promissory note, and as part of the same transaction assigned to the bank as security for the payment thereof, all of their interest in and to said trust. Thereafter, respondents entered into negotiations with W. R. Wheat for the sale and purchase of respondents' interest in said trust, which negotiations were, with consent of the trustee, consummated by the formal assignment of respondents' beneficial interest in said trust, to Wheat, and was by him accepted in writing.

When the note above referred to, and which was secured by the property acquired by Wheat, became due, he paid it, but the bank, instead of satisfying such note, indorsed the same without recourse and delivered it to Wheat, who thereupon, retaining the interest in the trust, transferred the note to appellant, and an action was commenced thereon to recover the amount due under said note. The trial court held that the note having been paid, appellant, who was the plaintiff below, was entitled to nothing, and judgment was given for defendant.

■ Appellant claims that he did not have sufficient time to present his case before the trial court, for over his objection this cause was placed upon the short cause calendar, as the same is designated under the rules of the Superior Court for Los Angeles County, to which calendar any civil action in which a trial by jury is not demanded and in which the taking of testimony and argument will not exceed one hour, may be assigned. ■ The trial consumed more than one hour for the testimony and argument, but an examination of the record shows that appellant was accorded sufficient time to present his evidence, and that he did present the facts in the case. Such matters as are here complained of are within the discretion of the trial court. No abuse of discretion is shown, and the objection is without merit.

From the foregoing it appears that the judgment should be affirmed, and it is so ordered.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1929.